UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

CHERYL E. BECKER,           )
                            )
            Plaintiff,      )          No. 14 cv 72 EJM
    vs.                     )
                            )          ORDER
CAROLYN W. COLVIN,          )
ACTING COMMISSIONER OF      )
SOCIAL SECURITY,            )
                            )
            Defendant.      )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for disability benefits under Title II and supplemental income benefits under Title XVI of the Social Security Act, 42 U.S.C.§ 416 et seq. Briefing concluded December 9, 2014. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded.

Plaintiff asserts the Administrative Law Judge (ALJ) failed to give proper controlling weight to the opinion of plaintiff's treating physician, which was uncontradicted by any other treating physician. Plaintiff asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision...Substantial evidence is less than a

preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

The ALJ found that plaintiff suffered from back and neck pain, fibromyalgia, carpal tunnel syndrome, degenerative changes in the knees, and anxiety and depression. The ALJ further found that these impairments did not meet or equal the Listings of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, and thus plaintiff was not disabled and not entitled to benefits.

Upon review, it is the court's view that the ALJ failed to give appropriate weight to the opinion of the treating physician, Dr. Jennifer Beck, M.D., who treated plaintiff five times between April 23, 2010, and May 6, 2011. On May 6, 2011, Dr. Beck completed a medical source statement indicating that plaintiff had extreme physical limitations (Tr. 449-451.) Dr. Beck opined that plaintiff's pain and fatigue were 10 on a scale from 1 to 10. (Tr. 449.) She opined that plaintiff could sit and stand/walk for 0 to 2 hours in an 8-hour day, and could rarely lift under 10 pounds and could never lift more than 10 pounds. (Tr. 449.) She further opined that plaintiff could never stoop, push, kneel, pull or bend. (Tr. 450.)

The ALJ rejected Dr. Beck's limitations. In evaluating a treating physician's medical opinion, the ALJ must give it "controlling weight", unless it

clearly is inconsistent with the other substantial evidence in the case record, in which case it is still entitled to special deference. 20 C.F.R.§404.1527(c)(2); Reed v. Barnhart, 399 F.3d 917 (8th Cir. 2005); Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003).

Defendant admits that the treating physician's medical opinion was given little or no weight, but justifies that by asserting that her opinion was not supported by ongoing objective clinical or diagnostic findings. (Tr. 71.) While there was no statistically valid longitudinal study, such is not legally required. Keyes-Zachary v. Astrue, 695 F.3d 1156 (10th Cir. 2012.) Dr. Beck was a long time treating physician of plaintiff. Her medical assessments are supported by the medical opinion of the consulting physician Dr. Robert J. Schultes, M.D., who found that plaintiff would be able to lift 8 pounds 4 hours per day secondary to pain, move about 4 hours per day, walk 50 feet three times per day, and never stoop, climb, kneel or crawl. (Tr. 455.) These are the only two examining physicians, and although their conclusions are not exactly the same, they largely agree, and specifically agree that plaintiff's limitations are severe and disabling. The medical record supports Dr. Beck's limitations. Pate-Fires v. Astrue, 564 F.3d 935, 946-47 (8th Cir. 2009.) The ALJ's decision must be reversed and remanded.

It is therefore

ORDERED

Reversed and remanded for further proceedings in accordance herewith.

December 18, 2014

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT